SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
MICHAEL J. CHILLEEN, Cal Bar No. 210704
ABIGAIL C. ZEIMIS, Cal Bar No. 347011
650 Town Center Drive, 10th Floor
Costa Mesa, California 92626-1993
Telephone: 714.513.5100
Facsimile: 714.513.5130
E mail mchilleen@sheppardmullin.com
azeimis@sheppardmullin.com

Attorneys for Defendant,
SENTRY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA HUGHES, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SENTRY INSURANCE COMPANY, a Wisconsin corporation; and DOES 1through 25, inclusive,<br><br>Defendants. | Case No. 2:25-cv-06693-SRM-PD<br>Honorable Serena R. Murillo, Dept 5D<br><br>**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>**DATE: September 10, 2025**<br>**TIME: 1:30 p.m.**<br>**DEPT: 5D**<br><br>Action Filed: July 22, 2025<br>Trial Date: None Set |

## I. INTRODUCTION

Plaintiff's opposition confirms that the Court should grant Defendant's motion to dismiss. As a threshold matter, Plaintiff's opposition was filed late. Pursuant to Local Rule 7-12, the Court should construe Plaintiff's late filing to constitute consent to the granting of Defendant's motion. In addition, Plaintiff's section 638.51 claim fails for several, independent reasons. First, section 638.51 applies only to telephone communications – not website technologies as evidenced by the text of the statute itself, its legislative history, Senate Bill 690, and case law. Second, Defendant is exempt from liability because it is a provider of an electronic communication service. Third, Plaintiff fails to allege any concrete injury to confer standing. Indeed, Plaintiff is a tester and had no reason to visit a website that sells products to other businesses other than to try to stage a lawsuit. Finally, as Plaintiff concedes, the Court lacks subject-matter jurisdiction.

## II. ARGUMENT

### A. THE COURT SHOULD DISREGARD PLAINTIFF'S UNTIMELY OPPOSITION.

Under Local Rule 7-9, Plaintiff's opposition was due on August 20, 2025. Plaintiff belatedly filed her opposition on August 21, 2025. (Docket 13). Under Local Rule 7-12, Plaintiff's late opposition "may be deemed consent to the granting…of the motion." L.R. 7-12. Accordingly, the Court should grant Defendant's motion without leave to amend. *See, e.g., Tapia v. Wells Fargo Bank, N.A.*, 2015 WL 13917744, *2 (C.D. Cal. 2015) ("The Court declines to consider Plaintiff's late Opposition brief. *See* C.D. Cal. L.R. 7-9, 712. As such, it grants Wells's motion [to dismiss], dismissing what remains of Plaintiff's case with prejudice"); *Whitaker v. Hollywood Orange Land, LLC*, 2019 WL 13460476 (C.D. Cal. 2019) (declining to consider plaintiff's late opposition and granting defendant's motion to dismiss under L.R. 7-12).

**B. <u>PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF PENAL CODE §638.51.</u>**

**1. <u>Section 638.51 Applies Only To Telephone Communications, Not Website Technologies.</u>**

As explained in Defendant's moving papers, trap and trace devices are used by law enforcement to track who is calling whom ***by telephone***. The statutory text makes this clear by specifying that the ***telephone line*** and ***telephone number*** of the individual that law enforcement is investigating must be included in a court order authorizing the use of a trap and trace device. Cal. Penal Code § 638.52(d)(1). The order must also include "[t]he ***number*** and, if known, physical location of the ***telephone line*** to which the . . . trap and trace device is to be attached." *Id.* § 638.52(d)(3). The multiple references to telephones in section 638.52 demonstrates that a "trap and trace device" applies only to telephone communications. *See In re The Application of the United States of America for an Order Authorizing the use of a Cellular Telephone Digital Analyzer*, 885 F. Supp. 197, 200 (C.D. Cal. 1995) (holding that a "digital analyzer" device that, similar to Plaintiff's allegations here, intercepted a cellular telephone's non-communicative signals was neither a "pen register" nor "trap and trace" device under the Pen Register Act because it did not require attachment to a telephone line).

Courts have granted motions to dismiss on this basis. *See, e.g., Sanchez v. Cars.com*, 2025 WL 487194, *3 (Cal. Sup. Jan. 27, 2025) ("Penal Code section 638.51 and its legislative history suggest that section 638.51 applies only to telephone-tracking technology…not internet communications such as websites"); *Licea v. Hickory Farms LLC*, 2024 WL 1698147, *3 (Cal. Sup. March 13, 2024) (sustaining a demurrer to a CIPA section 638.51 claim because statute applies to telephones and not to website-use technologies);

Indeed, Plaintiff Dana Hughes had an identical CIPA section 638.51 lawsuit dismissed last month:

> "Plaintiff's opposition fails to explain how internet communications fit the definition of 'Electronic communication,' under Pen. Code § 629.51(a)(1). Plaintiff also fails to city any case law extending the definition of electronic communication under Section 629.51(a)(1), or the federal Pen Register Act, to internet communications. Accordingly, Plaintiff does not provide any basis for the court to find that internet communications in whole or in part involve communications via by a wire such that Section 638.51 applies to this action. As the court is not persuaded that Pen. Code § 629.51(a)(1) applies to internet communications; the court sustains the demurrer…" *Hughes v. Dave & Buster's Entertainment, Inc.*, Case No. 25STCV10250, at *7-8 (Cal. Sup. July 15, 2025).

Plaintiff ignores the statutory text and argues that the statute covers internet communications because it does not explicitly exclude them. Plaintiff also ignores the legislative history of CIPA section 638.51. According to the legislative history, the purpose of Assembly Bill 929 (now Penal Code sections 638.50-638.53) was to authorize state and local law enforcement to seek emergency orders for pen registers/trap and trace devices used in ***telephone surveillance***, while requiring as a precondition a standard of evidence higher than under federal law. If section 638.51 was meant to apply to commercial websites and consumers that visit such websites, the legislative history would have at least acknowledged that, particularly given the internet's widespread use by 2015.

Notably, Senate Bill 690 proposes to put an end to these predatory lawsuits:

> "SB 690 would stop abusive shake down lawsuits for standard online business activities against California businesses and nonprofits filed under the California Invasion of Privacy Act (CIPA) enacted in 1967, long before the internet was developed. Online business activity is regulated by the California Consumer Privacy Act (CCPA), and is California's omnibus privacy law which is the guiding statute for online privacy protections including data protections. Despite the enactment of CCPA, vexatious litigation using CIPA prey on small business owners and non-profits who cannot afford to defend themselves even though they are in compliance with existing law. SB 690 would clarify that online businesses that comply with CCPA…cannot be punished under CIPA." Crimes: Invasion of

Privacy: Hearing on S.B. 690 Before the S. Comm. on Pub. Safety, 2025 Leg., 2025-2026 Sess. 1-15 (Cal. 2025) (statement of Sen. Anna Caballero, Member, S. Comm on Pub. Safety at 1).

**2. <u>Defendant Is Exempted From Liability As A Provider Of An Electronic Communication Service.</u>**

Defendant's conduct is exempt from liability under the statute because it is a provider of an electronic communication service, namely its website. Cal. Penal Code § 638.51(b)(1); *Columbia Pictures Indus. v. Bunnell*, 2007 WL 2080419 (C.D. Cal. May 29, 2007) (website operator's collection of information did not amount to violation of the Federal Pen Register Statute because the website operator was an electronic service provider); *Capitol Records, Inc. v. Thomas-Rasset*, 2009 WL 1664468 (D. Minn. June 11, 2009) (same).

Plaintiff cannot distinguish these cases so she argues that the Court must deny Defendant's motion to dismiss because Plaintiff has not specifically alleged that Defendant is a provider of an electronic communication service and instead alleged that "Defendant is an insurance provider and insurance news source" and the Court must accept her allegations as true. (Docket 13 at 18). This is silly. Plaintiff's allegations must be plausible and factually supported. Plaintiff cannot merely parrot legal conclusions. *See, e.g., Byars v. Hot Topic, Inc.*, 2023 WL 2026994, *10 (C.D. Cal. 2023) ("Without alleging a single specific fact in support of the contention that the third party 'harvest[s] data for financial gain,' the allegation is a mere conclusion disregarded under <u>Twombly</u> and <u>Iqbal</u>…."); *Rodriguez v. Google, LLC,* 2022 WL 214552, *1-2 (N.D. Cal. 2022) (holding plaintiffs' conclusory statement that "communications are intercepted" and multiple use of the word "simultaneous" was insufficient to allege a section 631 claim for simultaneous interception); *In re Vizio Inc. Consumer Priv. Litig.*, 238 F.Supp.3d 1024, 1228 (C.D. Cal. 2017) (dismissing wiretapping claim because the "conclusory allegation that Vizio intercepted their electronic communications 'during transmission'" was only supported by "vague

allegations about how Vizio's data collection occurs in real-time"); *Martin v. Sephora USA, Inc.*, 2023 WL 2717636, *10 (E.D. Cal. 2023), (rejecting plaintiff's argument that court must accept her allegations that her communications were intercepted while "in transit" as true at the pleading stage because they were merely legal conclusions and dismissing plaintiff's section 631 claim).

### 3. Plaintiff Fails To Allege Any Concrete Injury To Confer Standing.

Plaintiff argues that she need only parrot the elements of the statute in a conclusionary manner without tying generic allegations to any of her information to have standing. That is not the law. *See, e.g., TransUnion LLC v. Ramirez*, 141 S.Ct. 2190 (2021) (Plaintiffs must demonstrate concrete harm, not just a risk of harm to establish Article III standing); *Bilafer v. Bilafer*, 161 Cal.App.4th 363, 370 (2008) (plaintiff must have suffered injury to have standing); *Limon v. Circle K Stores, Inc.*, 84 Cal.App.5th 671, 702-703 (2022) (plaintiff must have suffered injury to have standing for statutory damages).

Here, Plaintiff fails to allege a concrete injury sufficient to establish standing. Plaintiff had no reason to visit the website other than to stage a lawsuit since Defendant is a business-to-business company as Plaintiff concedes. (Compl. ¶4). The basis for Plaintiff's complaint is that the SDK uses a "browser fingerprinting" process. (Compl. ¶16). However, Plaintiff fails to allege how this "browser fingerprinting" process took place with respect to ***her*** identity. Although the SDK is described generally as being able to ascertain "the identity of a website visitor by plotting hundreds of personal identifiers," nowhere does Plaintiff allege what information was collected from her. (Compl. ¶16). Plaintiff merely alleges that "her information" was taken without specifying what that information was. (Compl. ¶¶31, 32). Indeed, Plaintiff concedes that she has no idea whether any of her information was taken or what was purportedly done with it:

"Demandbase, through cookie technology or IP addresses, can track

> individuals' behavior across many websites. At this juncture, only Demandbase and Defendant would have access to evidence showing that this has occurred as a result of Plaintiff's visit to the Website." (Docket 13 at 9).

Plaintiff's citation to cases where the plaintiffs had sufficiently alleged that their personal, private information was collected and misused is irrelevant since Plaintiff fails to allege what information of hers was allegedly collected or what was done with it. For instance, *In re Facebook, Inc. Internet Tracking Litig*., 956 F.3d 589 (9th Cir. 2020), it was uncontested that "Facebook uses plug-ins to track users' browsing histories when they visit third-party websites, and then compiles these browsing histories into personal profiles which are sold to advertisers to generate revenue. The parties do not dispute that Facebook engaged in these tracking practices after its users had logged out of Facebook." *Id.* at 595.

However, when as here, a plaintiff does not allege what information was purportedly collected, dismissal is proper. *See, e.g., Rodriguez v. Fountain9, Inc*., 2024 WL 3886811, *5 (Cal. Sup. Ct. July, 9, 2024) (granting demurrer to CIPA § 638.51 claim because "Plaintiff fails to allege a concrete injury-in-fact. The only allegedly personal information that Plaintiff alleges that Defendant 'collected' was her IP address…the alleged injury is abstract and hypothetical because it is solely premised on statutory damages under CIPA…No concrete harm, no standing"); *Casillas v. Transitions Optical, Inc*., Case No. 23STCV30742, *3 (Cal. Sup. Ct. April 23, 2024) (granting demurrer to CIPA § 638.51 claim because the complaint failed to allege "any information of Plaintiff's that was purportedly recorded, decoded, or captured").

### C. <u>THE COURT LACKS SUBJECT MATTER JURISDICTION.</u>

"Subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived. Moreover, courts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp*., 546 U.S. 500,

514 (2006).

Here, Plaintiff's complaint alleges a single cause of action under California Penal Code section 638.51. Plaintiff has admittedly not pled any basis for the Court to exercise jurisdiction in this matter. (Docket 13 at 10: "The Complaint inadvertently states that the Court's subject matter jurisdiction over this matter is based on provisions in the California Constitution"). Thus, the Court should dismiss Plaintiff's complaint for this reason as well.

## III. CONCLUSION

For the above reasons, Defendant respectfully requests that the Court grant its motion to dismiss without leave to amend.

Dated: August 27, 2025

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By *\/s/ Michael J. Chilleen*
MICHAEL J. CHILLEEN

Attorneys for Defendant,
SENTRY INSURANCE COMPANY